IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
UNITED STATES OF AMERICA,
                              *
     Plaintiff,
                              *
          v.                       CRIMINAL NO.: WDQ-11-0557
                              *
NATHANIEL RATCHFORD,
                              *
     Defendant.
                              *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Nathaniel Ratchford pled guilty to being a felon in possession of a firearm. He was sentenced on Thursday, August 16, 2012. For the following reasons, the Court concluded that Ratchford was not an Armed Career Criminal ("ACC").

I.   Background[1]

On July 21, 2011, two Baltimore Police Department Officers went to the 200 block of Roslyn Avenue in Baltimore, Maryland in response to a 911 report that two African American men in a parking lot were putting a loaded AK-47 assault rifle into a gym bag. ECF No. 27 at 9. Ratchford dropped the bag and ran from the officers when they approached in a marked police car. *Id.* He climbed a fence and tried to get into a waiting car, but was

---

[1] The defendant agreed to these facts in the plea agreement. ECF No. 27.

caught. *Id.* The officers recovered a loaded, semi-automatic firearm, and extra cartridges from the bag. *Id.*

Ratchford was charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On April 2, 2012, he pled guilty, pursuant to a plea agreement. ECF Nos. 26, 27. The parties disagreed about whether Ratchford was an Armed Career Criminal under 18 U.S.C. § 924(e); as an ACC he was subject to a mandatory 180 month minimum sentence. *See* ECF No. 27 at 4. The parties also disagreed about the appropriate advisory sentencing guidelines range. *Id.*

The revised Pre-Sentence Report ("PSR") concluded that Ratchford's offense level before chapter four adjustments was 23.[2] But, based on Ratchford's criminal history, the PSR concluded that Ratchford was an Armed Career Criminal and his total offense level under U.S.S.G. §4B1.4, after adjustments, was 30.[3]

---

[2] The base offense level under U.S.S.G. §2K2.1(a)(1) was 26. The government agreed to a two-level downward adjustment for Ratchford's acceptance of responsibility, and to move for a third level adjustment. ECF No. 27 at 4.

[3] Under §4B1.4, Ratchford's base offense level would be 33. PSR at 5.

The PSR concluded that Ratchford had 11 criminal history points,[4] and was in criminal history category V, and was an Armed Career Criminal.  PSR at 9-10.  The PSR concluded that Ratchford's advisory sentencing guidelines range was 180 (the mandatory minimum sentence) to 188 months.  PSR at 11.

Three of Ratchford's prior convictions are "serious drug offenses": the January 18, 2005 and July 10, 2009 heroin convictions, and the July 20, 2007 cocaine conviction.  He pled guilty to each charge in the Circuit Court for Baltimore City.  Pre-Sentence Report ("PSR") at 6-9.

On July 20, 2007, Ratchford and his co-defendant, Kevin Hemphill, pled guilty to distributing cocaine.[5]  Ratchford had retained Thomas Chrisler, Esq., to represent him,[6] but Chrisler was not at the plea and sentencing hearing.[7]  Hemphill's attorney, Avi Stone, Esq., a public defender, "st[ood] in for

---

[4] On February 25, 2004, Ratchford was found guilty of second-degree assault (2 points); on January 18, 2005, Ratchford pled guilty to possession with intent to distribute heroin (1 point); on July 20, 2007, Ratchford pled guilty to distributing cocaine (3 points); on July 10, 2009, Ratchford pled guilty to possession with intent to distribute heroin (3 points).  PSR at 6-9.  Ratchford was on parole when he was arrested for possessing the firearm (2 points).  *Id.* at 9.

[5] PSR at 8; ECF No. 32-2 at 8:1-3 (transcript of re-arraignment and guilty plea).

[6] ECF No. 32-1 at CD0014, CD0021-22 (case information file for No. 106053036).

[7] ECF No. 32-2 at 3:14-18.

3

Mr. Chrisler on behalf of Mr. Ratchford" at the hearing, conducting the plea colloquy for Hemphill and Ratchford.[8] Neither Stone nor the Court obtained Ratchford's consent for the substitution of counsel; Ratchford did not indicate that he understood he had the right to have his retained attorney present, or that he had the right to an attorney who did not represent Hemphill (whose interests may have conflicted with Ratchford's). *See* ECF No. 32-2. Ratchford stated that he understood and voluntarily accepted the possible consequences of his conviction, and understood and voluntarily gave up his right to a trial. *Id.* at 9:21-23, 12:13-14, 15:9-16. Ratchford also said that he was satisfied with Chrisler's services. *Id.* at 14:8-10 (Stone: "Mr. Ratchford, . . . Mr. Chrisler has been your attorney throughout this case, is that correct? And are you satisfied with his services?" Ratchford: "Yeah.").

Ratchford challenged the use of the 2007 cocaine conviction to enhance his sentence,[9] arguing that because his retained counsel was absent from Ratchford's guilty plea, the conviction was uncounseled. ECF No. 32 at 2-3.

---

[8] ECF No. 32-2 at 3:14-18.

[9] Ratchford has noted that there may be "a viable challenge to the voluntariness of the [guilty] pleas" in the heroin cases, "but [that] would require a collateral attack not cognizable at the federal sentencing proceeding." ECF No. 32 at 3 n.1.

II.  Analysis

Ratchford argued that the 2007 cocaine conviction was not a predicate for Armed Career Criminal status because his plea was uncounseled.  ECF No. 32.  The government argued that Ratchford's prior state conviction may not be collaterally attacked to avoid sentencing enhancements unless the 2007 conviction had been obtained in violation of the limited right of an indigent to appointed counsel.  ECF No. 35 at 9-10.

"[W]ith the sole exception of convictions obtained in violation of the right to counsel, [an ACC] ha[s] no right under [18 U.S.C. § 924(e)] or the Constitution 'to collaterally attack prior convictions' in the course of his federal sentencing proceeding."  *Daniels v. United States*, 532 U.S. 374, 378 (2001) (*quoting Custis v. United States*, 511 U.S. 485, 496 (1994)).[10] "In *Custis*, the Supreme Court held that a defendant may not collaterally attack a prior conviction underlying a statutory sentence enhancement unless the prior conviction was obtained in the absence of counsel."  *United States v. Bacon*, 94 F.3d 158, 162 (4th Cir. 1996).

A defendant's "[right to] counsel is completely denied" when his appointed or retained attorney, with whom he has worked

---

[10] *Custis* discussed an indigent defendant's right to have counsel appointed at no expense, but the Supreme Court has interpreted the holding to include "convictions obtained in violation of the right to counsel."  *Daniels*, 532 U.S. at 378.

throughout the proceedings, is "absen[t from] a 'critical stage'
of a trial" or proceeding.  *Olden v. United States*, 224 F.3d
561, 568 (6th Cir. 2000) (*quoting United States v. Cronic*, 466
U.S. 648, 659 (1984)).  That another attorney "stand[s] in" and
speaks on behalf of the defendant does not avoid the
constitutional violation.  *Id.*[11]  That a defendant is generally
not entitled to counsel of his choice is irrelevant to this
case.  An attorney who "stands in" for a defendant's counsel
does not become that defendant's counsel until that defendant
knowingly, intelligently, and voluntarily waives his right to be
represented by the attorney who has represented him throughout
the proceeding.  *See id.* at 568-69.  Absent that waiver, the
absence of selected counsel from critical proceedings is a
complete deprivation of counsel.  *Id.*[12]

---

[11] Olden's attorney, Howard Wittenberg, Esq., was absent for two
days of Olden's trial, during which the government presented
evidence about Olden's guilt.  *Olden*, 224 F.3d at 568.  On both
days, a co-defendant's counsel agreed to stand in for
Wittenberg, but the Sixth Circuit held that, unless Olden had
"knowingly and intelligently accepted substitute counsel and
thereby waived his right to have his own counsel present," he
had been completely deprived of his right to counsel.  *Id.* at
569.

[12] Under the more stringent standard of review for federal *habeas*
challenges to state convictions, the Court would not assume that
the absence of a petitioner's retained attorney during critical
stages of a state trial necessitated relief, if counsel had not
completely abandoned the petitioner.  Counsel may have a co-
defendant's counsel stand in during proceedings when the co-
defendants' interests are aligned, without requiring *habeas*
relief.  *James v. Harrison*, 389 F.3d 450, 456 (4th Cir. 2004).

"The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a critical stage at which the right to counsel adheres." *Iowa v. Tovar*, 541 U.S. 77, 81 (2004) (internal quotation marks and citation omitted).

Chrisler was absent from the entire guilty plea, a critical stage of the proceeding. *Id.* Stone acknowledged that he was not Ratchford's attorney. ECF No. 32-2 at 14:8-10 ("Mr. Ratchford, . . . Mr. Chrisler has been your attorney throughout this case, is that correct? And are you satisfied with his services?").[13] Ratchford did not waive his right to his selected counsel; Chrisler's absence was a complete denial of Ratchford's right to counsel. *See Olden*, 224 F.3d at 568. Because the conviction was obtained in counsel's absence, it cannot be used as a predicate for ACC status. *Custis*, 511 U.S. at 496.

Without the cocaine conviction, Ratchford had 8 criminal history points, placing him in criminal history category IV. With a total offense level of 23, his advisory guidelines sentencing range was 70 to 87 months. U.S.S.G. Ch. 5 Pt. A (sentencing table).

---

[13] Had Stone been representing Hemphill and Ratchford--which the Court concludes he was not--he would have had an unwaived conflict of interest.

## III. Conclusion

For the reasons stated above, Ratchford's July 2007 conviction was not a predicate for his Armed Career Criminal status.

_____8/20/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge